```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

JUANITA M. HERRERA,                           Civil No. 06-6322-AA
                                              OPINION AND ORDER
        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
```

Richard F. McGinty
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, Oregon 97301
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

     Claimant, Juanita M. Herrera, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1   - OPINION AND ORDER

1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act and for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for SSI benefits on September 18, 2002. Tr. 501. In October 2002, plaintiff applied for disability benefits, reporting that she had been disabled since December 1, 2001. Tr. 106-09. Plaintiff's application was denied initially and on reconsideration. On January 25, 2005, plaintiff appeared with counsel for a hearing before an Administrative Law Judge (ALJ). Tr. 512-15. The ALJ determined that the record was not fully developed so he sent plaintiff for psychological testing and evaluation. Tr. 514. On August 12, 2005, plaintiff appeared for a second time before the ALJ for a hearing. Tr. 516-34. Psychologist John Nance, Ph.D, testified at this hearing. Tr. 521-32. The ALJ, however, again determined that further testing was required and sent plaintiff for a second time for further psychological testing. Tr. 533. On February 16, 2006, the plaintiff appeared for a third time before the ALJ for a hearing, however, the ALJ stated that plaintiff's participation in the hearing was "too much of a struggle" and again continued the hearing. Tr. 541. Plaintiff presented for a fourth hearing on June 8, 2006. Tr. 543-63.

On July 21, 2006, the ALJ issued a decision in which he held that plaintiff was not disabled. Tr. 11-19. On November

30, 2006, the Appeals Council denied plaintiff's request for review, tr. 6-8, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 416.1481, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 44 years old on her alleged onset date of December 1, 2001, and 50 years old on the date of the ALJ's decision. Tr. 50. Plaintiff obtained a four year college degree, but had no past relevant work experience. Tr. 17, 128. The vocational expert (VE) testified that plaintiff's past work was as an institutional cook, wall covering sales person, secretary, carnival food service worker, and care giver. Tr. 554.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by

3 - OPINION AND ORDER

reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must

4    - OPINION AND ORDER

establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity during the time period considered. Tr. 18, Finding 1. This finding is not in dispute. At step two, the ALJ found that plaintiff had the following severe impairments: mild depression, anxiety, hiatal hernia, Sjogren's syndrome, Raynaud's phenomenon, and asthma. Tr. 16, 18, Finding 2. This finding is not in dispute. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 16, 18, Finding 4. This finding is not in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with only occasional contact with the public, occasional cooperative tasks with co-workers, and limited to simple and repetitive work. Further, the ALJ found plaintiff should avoid dusts, fumes, odors, gases, and smoke. Tr. 17-18, Finding 5.

At step four, the ALJ found that plaintiff was precluded from returning to her past relevant work. Id. Finally, at step five, the ALJ found that, based on plaintiff's RFC, she could perform work existing in significant numbers in the national

5   - OPINION AND ORDER

economy; specifically a small products assembler, electronics worker, and office helper. Tr. 18, Finding 6. This finding is in dispute.

1. Plaintiff's Credibility

The ALJ determined that plaintiff's statements concerning her limitations were not entirely credible based upon the assessment of the "examining physician" and "other reasons" the ALJ alleged could be found in his decision. Tr. 18, Finding 4. Plaintiff argues that first, the record does not contain the opinion or record of an examining physician who evaluated or assessed plaintiff for pain; and second, the "treating physician" may not determine disability. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Plaintiff admits, however, that the record shows that her pain complaints have been relatively stable, although plaintiff argues that she had "good days and bad days with two to three very bad days per week." Tr. 550.

Here, the ALJ found that reliable evidence does not support plaintiff's allegations that she is incapable of working. When a claimant has medically documented severe impairments that could reasonably be expected to produce some degree of the symptoms complained of, "the ALJ may reject [her] testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(internal quotation omitted). Further, if the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947 (9th Cir. 2002). As long as the evidence reasonably supports the ALJ's findings, it

6   - OPINION AND ORDER

does not matter that the ALJ failed to explicitly link his findings to the evidence. Lewis v. Apfel, 236 F.3d 503, 512-14 (9th Cir. 2001).

The ALJ provided the following reasons to support his credibility analysis that plaintiff was only partially credible. Tr. 17. Regarding plaintiff's physical complaints, the ALJ noted the medical records continuously documented that she was doing better. Id. Although plaintiff reported debilitating pain and fatigue, the ALJ noted that no treating physician opined that she was disabled, but rather, noted that she was doing well. Id. Regarding plaintiff's mental limitations, objective psychological testing revealed poor effort by plaintiff and only moderate limitations. Id. The ALJ further noted malingering and secondary gain incentive for exaggeration of symptoms. Id. Specifically, the ALJ relied on the reports of two separate examining physicians each suspecting plaintiff of malingering. First, in October 2002, Leslie Pitchford, Ph.D., noted that psychological testing produced an invalid personality assessment profile as plaintiff failed to respond to 25 items despite being clearly instructed to complete all items. Tr. 14, 214-18. Subsequent testing performed by Dr. Pitchford in March 2005 revealed obvious attempts at exaggeration and malingering. Tr. 15, 406-10. Specifically, Dr. Pitchford noted that plaintiff was very passive during the examination, and that she had dramatic behavior with frequent sighing and very lengthy response latencies. Id. In conclusion, plaintiff's efforts on testing were suspect and produced an invalid profile given her endorsement of a very high number of unusual items. Tr. 406-10. Due to her poor effort,

plaintiff was again referred for psychological testing. Tr. 15. So on October 1, 2005, plaintiff was examined by Robert Kruger, Psy.D. Tr. 464-65. While Dr. Kruger's report indicated that plaintiff put forth better effort in this round of testing, nevertheless, the validity indicators indicated that plaintiff continued to engage in malingering and exaggerated behaviors. Tr. 469. Overall, Dr. Kruger concluded that plaintiff's test results raised a strong suspicion of malingering. Tr. 469-70. I find that the ALJ judged plaintiff's credibility based on a fair consideration of the entire case record and provided clear and convincing reasons supported by substantial evidence for his finding that plaintiff was only partially credible.

2. <u>Improper Evaluation of the Evidence</u>

Plaintiff next asserts that the ALJ erred by improperly evaluating the evidence, "including providing legally insufficient reasons for rejecting the opinion of treating physician, Charles S. May, M.D." Tr. 459-61. Dr. May opined that his "clinical impression" was that plaintiff had Sjogren's syndrome, despite the fact that plaintiff "does not have objective findings consistent with Sjogren's." Tr. 461. Dr. May also opined that plaintiff had "some global achiness and easy fatigability," but did not have any "crippling or loss of joint function," and that she had more "constitutional symptoms." Id. The ALJ further noted that Dr. May "was not impressed that she has rheumatoid arthritis," and found that plaintiff's lab test results were "fairly benign." Tr. 269, 339. The ALJ also relied on the treatment records of Dr. Rexin, a psychiatrist, who noted plaintiff had no psychiatric hospitalizations, no history of

8 - OPINION AND ORDER

suicide attempts, no hallucinations or delusions, had an appropriate affect, average intelligence, and intact memory and judgment. Dr. Rexin assessed a GAF score of 60, indicating only moderate symptoms and/or limitations. Tr. 224-29.

Based on the ALJ's evaluation of plaintiff's medical history and records, the ALJ concluded that plaintiff had severe impairments that were not disabling at step three. The ALJ was then required to assess plaintiff's RFC before proceeding to step four. Plaintiff's RFC is defined as the most she can do given her impairments and limitations. SSR 96-8p. In assessing plaintiff's RFC, the ALJ must consider the entire record and explain how he or she weighs the medical evidence and testimony. SSR96-5p.

Plaintiff argues that the ALJ's RFC does not include functional limitations for all of plaintiff's severe impairments based on the records and findings of plaintiff's treating and examining doctors. I disagree. The ALJ's RFC finding and vocational hypothetical question properly accounted for all of plaintiff's physical and mental limitations that the ALJ found credible and were supported by the record. Specifically, the ALJ's RFC and vocational hypothetical accurately included and accounted for plaintiff's physical and mental limitations. The ALJ properly considered the whole record and adequately explained how he weighed the medical evidence and testimony. See SSR 96-8p. I find the ALJ's decision free of legal error and substantially supported by the evidence in the record.

///

///

9   - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this  25  day of October 2007.


                                        /s/ Ann Aiken
                                        Ann Aiken
                                  United States District Judge

10   - OPINION AND ORDER